

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 27, 1991

Honorable Tim Curry
Criminal District Attorney
Tarrant County Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. DM-59

Re: Whether the Tarrant County Sheriff may accept bail bond from a bondsman not licensed in that county, and related questions (RQ-185)

Dear Mr. Curry:

You ask "[w]hether the Tarrant County Bail Bond Board has authority to require the Tarrant County Sheriff to accept bail bonds (for prisoners held in Tarrant County) tendered by out-of-county bondsmen who have already obtained the bond's approval by a Sheriff where the bondsman resides." Your request letter states that you have concluded that "to be eligible and qualified to write a bail bond for a case pending in a court in Tarrant County, the person acting as bondsman must be licensed by a Bail Bond Board in some Texas county (not necessarily Tarrant County) that is governed by Art. 2372p-3, regardless of the individual bondsman's county of residence."

Article 2372p-3, V.T.C.S., provides for the licensing and regulation of bail bondsmen by county bail bond boards. Counties of over 110,000 population must, and counties with smaller populations may, establish county bail bond boards. *Id.* § 5(a). The boards are composed of enumerated district, county, and municipal officers or their designees as well as a bondsman "licensed in the county elected by other county licensees." *Id.* § 5(b). Article 2372p-3 applies to every county required to have, or which has elected to create, a county bail bond board. *Id.* § 3.

Subsection (a) of section 6 provides:

> Any person desiring to act as a bondsman *in any court of the county* shall file with the County Bail Bond Board a sworn application for a license. (Emphasis added.)[1]

---

[1]Other provisions of section 6 provide for the requisites of the application for a bondsman's license, for an investigation and hearing by the board, and its denial of the application or approval conditioned on the applicant's filing of the required security deposits.

The above-quoted language from subsection (a) of section 6 clearly contemplates that in order to act as a bail bondsman in a county having a bail bond board a person must be licensed by that county's bail bond board. Thus we disagree with your conclusion that in order to write bail bonds for a case pending in a court in Tarrant County a bondsman must be licensed in some Texas county *but not necessarily in Tarrant County.*[2]

It follows that the Tarrant County board is not authorized to require the sheriff to accept bail bonds from bail bondsmen not licensed in the county. While the board is given broad authority in section 5(f) to exercise powers "incidental or necessary to the administration of this Act," it does not have authority to vary the requirements of the act. *See* Attorney General Opinion JM-1057 (1989), and authorities cited therein.[3]

---

We also note that subsection (a) of section 3 provides in relevant part:

> In a county that has a board, no person may act as a bondsman except:
>
> (1) persons licensed under this Act, and
>
> (2) persons licensed to practice law in this state who meet the requirements set forth in Subsection (e) of Section 3 of this Act.

We do not understand you to be concerned about the activities as bondsmen of "persons licensed to practice law" and limit this opinion accordingly.

[2]We agree, however, that there is no requirement that a bondsman, so long as he is licensed by the county's board, be a resident of that county in order to write bonds in that county. *See id.* § 6 (requirements of application). It is also clear that a person may be licensed in more than one county. *See, e.g., id.* § 4(a) (bondsman to maintain separate records "for each county in which the bondsman is licensed").

[3]Attorney General Opinion JM-1057 in fact largely answered the question you now present. In responding to the question what authority a board had in collecting on a bond given in another county by a bondsman licensed by that board, the opinion noted, under section 6(a), that a board "is not empowered by the act to grant a license to an applicant to act as a bondsman in another county." (The opinion also cited the language of section 5(f)(1), that the board is empowered to enforce the provisions of article 2372p-3 "within the county," in concluding that the board had no authority in collecting on bonds executed outside the county.) *See also* Attorney General Opinion JM-271 (1984) (acceptance of bail bond by sheriff in county of arrest from bail bondsman licensed in county of arrest to obtain release of accused held on out-of-county *capias* or warrant).

We do note that the provisions of article 2372p-3 when first adopted in 1973 provided in section 12(b):

> Any licensee under this Act may execute bail bonds in the county in which his license is issued and, after being certified by the sheriff in his county, may present a bail bond to any sheriff in the state having custody of the accused person named therein, except that a sheriff of a county having a population in excess of 150,000 according to the last preceding federal census may require that all bail bonds be executed by persons licensed in that county.

Acts 1973, 63d Leg., ch. 550, at 1525.

The county population figure in the provision was changed to 110,000 in 1979. Acts 1979, 66th Leg., ch. 111, at 202. In 1981, however, a bill which substantially rewrote the provisions of article 2372p-3 deleted the above-quoted provisions of section 12(b). Acts 1981, 67th Leg., ch. 312, § 1, at 883. We find no exception in the current provisions of article 2372p-3 (save for licensed attorneys as provided for in section 3(a)(2) -- *see supra* note 1) to the requirement of section 6 that a person desiring to act as a bail bondsman in a county covered by the article must obtain a license from that county's bail bond board.

Other provisions of article 2372p-3 are consistent with this conclusion. For example, section 9(b)(6) provides that the board may suspend or revoke a license for a bondsman's "failing to pay within 30 days any final judgment rendered on any forfeited bond *in any court of competent jurisdiction within the county of the licensee*." (Emphasis added.) These provisions, we believe, contemplate that a bondsman will be doing bail bond business only in those counties subject to article 2372p-3 in which the bondsman is licensed. Otherwise, there would be provisions for a board's suspending or revoking a bondsman's licence for failure to pay a forfeiture judgment amount in a county other than the one in which the bondsman was licensed.[4]

---

[4]Notably, prior to the 1981 removal of the provisions formerly in section 12(b), referenced above -- providing for a sheriff's accepting the bond of an out-of-county licensee in certain cases -- section 9(a)(5) provided for a board's suspending or revoking a license for a licensee's failing to pay a forfeiture judgment rendered "in any court of competent jurisdiction *within this state*." Acts 1973, 63d Leg., ch. 550, at 1524 (emphasis added).

You also ask "[w]hether the Tarrant County Sheriff is required to accept a bail bond from a bondsman who resides outside Tarrant County and is *not* licensed by any Texas county." (Emphasis in original.) It follows from the foregoing that the sheriff may not accept a bond from an unlicensed bondsman. *See supra* note 2, (regarding residence).

## SUMMARY

Under article 2372p-3, V.T.C.S., a person must be licensed by the Tarrant County Bail Bond Board in order to act as a bail bondsman in any court of Tarrant County.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General